IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FIRST STATE BANK OF CROSSETT                                                APPELLANT

v.                              Case No. 1:12-cv-01012

STEPHEN CAINE
RITA CAINE                                                                          APPELLEES

## ORDER

This matter arises from an appeal of an order entered by the United States Bankruptcy Court. Before the Court is Appellant's Motion to Enforce Settlement Agreement. ECF No. 6. This Motion was filed on July 19, 2012. *Id.* On November 13, 2012, Appellees responded, and they request that Appellant's Motion be denied. ECF No. 7. The Court held a hearing on this Motion on March 19, 2013 in El Dorado, Arkansas. A second hearing on this Motion was held on April 30, 2013 in El Dorado, Arkansas to allow the parties to present evidence and for the Court to determine the appropriate relief to be granted. This Motion has been referred to the undersigned for consideration consistent with 28 U.S.C. § 636(b)(1) and (3) (2009).

With this Motion, Appellant requests to either enforce a settlement agreement that was purportedly entered into by the Parties (ECF No. 4-1) or to reinstate this bankruptcy appeal. ECF No. 6. Appellees claim this settlement agreement should not be enforced because they did not agree to its terms. ECF No. 7. During the hearings in this matter, Appellees also argued that the notice and approval requirements of Rule 9019 of the Bankruptcy Rules of Procedure were not met; and, accordingly, this settlement agreement cannot be enforced.

At the April 30, 2013 hearing, Appellees testified they did not agree to the terms of the proposed settlement agreement. Appellees' counsel, Mr. Thomas Streetman, testified he never

received actual confirmation from the Appellees that the settlement agreement was acceptable. Both Counsel for Appellees and Appellant were advised by email that the Appellees did not agree to the proposed settlement agreement prior to the Court dismissing the appeal on March 26, 2012. There was no "meeting of the minds" between the parties here and thus no settlement agreement.

Further, based upon the terms of the purported agreement submitted by Appellant, the settlement agreement states that it will not be effective "until it has been noticed to all creditors and parties in interest as required by the Bankruptcy Rules and approved by order of the Court." ECF No. 4-1. The Appellant concedes that this condition precedent has not been met, and notice has not been given to all creditors and parties in interest.

Accordingly, because the condition precedent to enforcement has not be met and Appellees did not agree to the terms of the settlement agreement, the Court finds this settlement agreement should not be enforced.

Considering the testimony of the parties, the briefing and arguments of counsel, the Court finds Appellant's Motion (ECF No. 6) should be **GRANTED** in part. Consistent with the foregoing analysis, the Court determines the settlement agreement should not be enforced. Instead, the Court determines this appeal should be reinstated with a new briefing scheduling order to be entered at a later date by the District Court.

ENTERED this 1st day of May 2013.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE