IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FIRST STATE BANK OF CROSSETT                                                                  APPELLANT

VS.                                              CASE NO. 1:12-CV-1012

STEPHEN CAINE and RITA CAINE                                                                   APPELLEES

### MEMORANDUM OPINION and ORDER

Before the Court is an appeal from the December 8, 2011 order of the United States Bankruptcy Court of the Western District of Arkansas. Appellant First State Bank of Crossett has filed its brief.[1] ECF No. 17. Appellees Rita and Stephen Caine have filed their brief. ECF No. 19. Appellant has filed a reply brief. ECF No. 21. The matter is now ripe for the Court's consideration.

### I. BACKGROUND

On April 1, 2005, the Caines mortgaged real estate in Ashley County, Arkansas, and the mortgage was recorded ten days later. The mortgage lists the address of the property as "601 Ashley 300 Road, Hamburg, Arkansas, 71646." The legal description in the mortgage, however, was defective because it omitted a specific call. The defective description goes from the point of beginning, then north, then south the same number of feet as the north call, then west 518 feet. The description does not close, and when drawn out, the calls result in the shape of the letter "L."

The correct description describes a five-acre tract upon which the Caines' personal residence is located. Neither First State Bank nor the Caines were aware of the mistake in the description at the time the mortgage was executed and filed with the clerk. The Caines paid the monthly

---

[1] Apellant moves the Court to set this case for oral argument. ECF No. 22. The Court, however, will decide this case on the briefs. Appellant's request for oral argument is therefore denied.

installments until they filed a Chapter 12 bankruptcy petition on December 1, 2010. The Caines subsequently filed pleadings under 11 U.S.C. § 544(a)(3) to avoid the mortgage. The Caines claimed that the mortgage was invalid against a bona fide purchaser lacking notice of the mortgage, and therefore against a trustee or debtor-in-possession, because of the defective land description contained in the mortgage. In a counterclaim, the Bank sought reformation of the mortgage to accurately describe the real property subject to the lien.

At the trial of this case, the Bank presented the following evidence in support of their argument that the Caines were not entitled to avoid the Bank's lien because of the defective property description contained in the mortgage: (1) the erroneous description resulted from a scrivener's error in typing the property description on the mortgage form; (2) the mistaken description was a mutual mistake of both parties, in that both the Caines and First State Bank intended that the real estate as correctly described be pledged as collateral for the loan; and (3) the mistake of the person drafting the mortgage was not known to any of the parties at the time of the execution of the loan documents and was not discovered until after the Caines filed bankruptcy. The Caines admitted that they intended to grant to the Bank a first mortgage lien on the real property as correctly described. First State Bank also presented the testimony of a title examiner employed in Hamburg, Arkansas. The title examiner identified the records that would have been produced by a search of the title to the Caine property as correctly described. She testified that a search of the Ashley County grantor/grantee index volumes would have revealed the existence of the Caines' mortgage to the Bank and that a cursory reading of the mortgage would have alerted a title examiner to the claimed mortgage lien of the Bank despite the erroneous land description.

The Bankruptcy Court entered judgment in favor of the Caines to avoid the mortgage lien of the Bank and denied the Bank's counterclaim for reformation. The Bankruptcy Court found that

the recorded mortgage containing the erroneous land description does not put a bona fide purchaser on constructive notice because it is impossible to tell exactly what land is being described. The Bankruptcy Court further found that, because the Caines' rights as bona fide purchasers would be prejudiced if the mortgage were reformed, Arkansas law would not allow for reformation. The Bank appealed the Bankruptcy Court's decision to this Court.

## II. DISCUSSION

The Court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Reynolds*, 425 F.3d 526, 531 (8th Cir. 2005). The facts of this appeal are not in dispute. The issue on appeal, which the Court will review de novo, is whether the Bankruptcy Court erred when it allowed avoidance of the Bank's mortgage lien and denied reformation of that mortgage.

### A. Avoidance of the Bank's Mortgage Lien

Under the "strong-arm provision" found in 11 U.S.C. § 544(a)(3), if a bona fide purchaser hypothetically can avoid a mortgage, then the trustee may avoid the mortgage.[2] This "strong-arm provision" gives a trustee—or in this case, a debtor-in-possession[3]—the status of a bona fide purchaser who has no knowledge of the defect in a prior instrument, even if the debtor-in-possession (or trustee) has actual knowledge of the defect. Stated another way, the strong-arm provision allows the avoidance of any obligation incurred by the debtor regarding real property that is not perfected and enforceable against a bona fide purchaser at the time the bankruptcy petition is filed. "The rights

---

[2]"[T]he trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3).

[3]A debtor-in-possession is entitled to stand in the shoes of a trustee and pursue lien avoidance actions under 11 U.S.C. § 544(a)(3). 11 U.S.C. § 1107.

and definition of a bona fide purchaser are determined by state law." *In re Stradtmann*, 391 B.R. 14, 18 (B.A.P. 8th Cir. 2008).

To proceed under § 544(a)(3), the Caines must qualify as a bona fide purchaser under Arkansas law. In Arkansas, a bona fide purchaser is one who takes property in good faith, for valuable consideration, and without notice of a prior interest. *Bill's Printing, Inc. v. Carder*, 357 Ark. 242, 161 S.W.3d 803, 807 (2004). The issue here is whether a bona fide purchaser would be charged with constructive notice of the Bank's lien on the Caine's property despite the faulty land description. Because the strong-arm provision specifically excludes a debtor-in-possession's (or trustee's) actual knowledge of a creditor's interest, the determination of whether a debtor-in-possession (or trustee) qualifies as a bona fide purchaser turns on whether there is constructive or implied notice of the creditor's interest. *In re Stradtmann*, 391 B.R. at 18. Constructive notice of the defect, therefore, precludes the debtor-in-possession (or trustee) from asserting the status of a bona fide purchaser.

Some jurisdictions recognize inquiry notice as a form of constructive notice while other states place inquiry notice in the category of actual notice. *See* 5 *Tiffany's Real Property* § 1285 (inquiry notice as a form of actual notice); 4 *American Law of Property* § 17.11 (inquiry notice as a form of constructive notice). The language in the strong-arm provision is not clear as to whether inquiry notice precludes the debtor-in-possession (or trustee) from asserting the status of a bona fide purchaser. Inquiry notice is defined by state law and is not consistently defined or treated for purposes of an 11U.S.C. § 544 analysis. States seem to treat the concept of inquiry notice as either an extension of actual notice or an extension of constructive notice. Recognizing this inconsistency, the Bankruptcy Appellate Panel for the Tenth Circuit has suggested that the semantic discrepancy

between inquiry notice and either actual notice or constructive notice is not important as long as the following is understood:

> the trustee [or debtor-in-possession], as a hypothetical purchaser who perfected his interest under state law as of the commencement of the case, had no hypothetical duty to make a diligent inquiry based on information actually known by the trustee [or debtor-in-possession] either before or after the commencement of the case. Inquiry notice imposed on the trustee [or debtor-in-possession] derives only from constructively noticed facts.

*In re Kasparek*, 426 B.R. 332, 345, fn. 51 (B.A.P. 10th Cir. 2010). Ultimately, in the present case, whether the debtor-in-possession (or trustee) is subject to inquiry notice for purposes of a § 544 analysis depends on Arkansas law.

In Arkansas, "[a] subsequent purchaser will be deemed to have actual notice of a prior interest in property if he is aware of such facts and circumstances as would put a person of ordinary intelligence and prudence on such inquiry that, if diligently pursued, would lead to knowledge of the prior interest." *Massey v. Wynne*, 302 Ark. 589, 591 791 S.W.2d 368 (1990). This statement suggests that, under Arkansas law, inquiry notice is an extension of actual notice. Actual notice of a creditor's interest, however, will never prohibit a debtor-in-possession (or trustee) from invoking the strong-arm provision. 11 U.S.C. § 544(a)(3). Thus, in cases involving the strong-arm provision, the Court must look to see whether constructive notice of a creditor's interest could be charged to a subsequent purchaser thereby disqualifying the subsequent purchaser from becoming a bona fide purchaser.

Under Arkansas law, a mortgage is protected against a subsequent transfer by recording the mortgage in the office of the circuit clerk of the county in which the mortgaged lands are located. The recording constitutes constructive notice against claims of bona fide purchasers or subsequent encumbrances. Ark. Code Ann. § 18-40-102; *In re Stewart*, B.R. 185, 188 (Bankr. E.D. Ark. 2009).

Arkansas, however, has historically held that an instrument including a deed or mortgage that has been filed but contains a defective description does not constitute constructive notice if the description does not describe definite land. *See McClelland v. McClelland*, 219 Ark. 255, 241 S.W.2d 264 (1951); *Cooper v. Le Heirs*, 59 Ark. 460, 27 S.W. 970 (1894). "Constructive notice relates only to the instrument as recorded, and if the instrument is insufficient to give the necessary notice, then knowledge is not to be imputed [to a purchaser]." *Neas v. Whitener-London Realty Co.*, 119 Ark. 301, 178 S.W.390, 394 (1915).

In sum, to qualify as a bona fide purchaser in Arkansas, there is no duty to inquire outside the record when a defective land description exists in the record. The duty to inquire outside the record only arises from facts and circumstances of which the subsequent purchaser has actual notice. Here, the Caines (as debtors-in-possession) cannot be charged with having constructive notice of the mortgage lien in the records because it does not describe definite land. The land description in the mortgage is defective. When drawn out, the calls result in the shape of the letter "L." Because the land description does not close, it is impossible to ascertain exactly what land is being described. Further, the land description in the deed is not helpful because the land intended to be mortgaged could have been a smaller portion than the land described in the deed. Extrinsic evidence would be needed in this case to ascertain what property is subject to the mortgage lien. The Caines, however, are only subject to evidence that would be found in the records to qualify as a bona fide purchaser. Thus, the Court agrees with the Bankruptcy Court's holding that the Caines can avoid the mortgage lien pursuant to 11 U.S.C. § 544(a)(3).

The Bank argues that, in this case, a basic examination of the land records would have revealed the existence of the mortgage and placed a potential purchaser on such inquiry that, if

diligently pursued, would have led to knowledge of the Bank's lien. Thus, according to the Bank, a subsequent purchaser in Arkansas would be charged with inquiry knowledge of the mortgage lien. The Court recognizes that this argument seems like a logical approach. The argument, however, fails because it does not correctly apply the notice laws in Arkansas in combination with 11 U.S.C. § 544(a)(3).

B. Reformation

The Bank also sought to reform the mortgage to recite the correct legal description because the omitted call was a mutual mistake due to a scrivener's error. The Bankruptcy Court held that the Bank is not entitled to reformation. The Court agrees. The Caines, as debtors-in-possession, have the same rights and priorities in real property that a subsequent bona fide purchaser would have over an unperfected lien. 11 U.S.C. § 544(a)(3). Arkansas law will not allow reformation in cases where reformation would operate to prejudice a subsequent bona fide purchaser. *In re Stewart*, 422 B.R. 185, 190 (Bankr. W.D. Ark. 2009); *In re May*, 310 B.R. 405, 420 (Bankr. E.D. Ark. 2004). The Caines' rights would be prejudiced if the mortgage were to be reformed. Therefore, the Bank is not entitled to reformation.

### III. CONCLUSION

For reasons stated above, the Court concludes that the Bankruptcy Court did not err when it allowed avoidance of the Bank's mortgage lien and denied reformation of that mortgage. Accordingly, the decision of the Bankruptcy Court is **AFFIRMED**.

**IT IS SO ORDERED**, this 31st day of March, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge